[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#129)
The defendants' move for summary judgment on the ground of res judicata as to counts two and three of the plaintiff's revised complaint.
On July 31, 1996, the plaintiff, Anthony Manuele, filed a revised, three-count complaint. Each count sounds in negligence. Count one is directed to Andrze Nowakowski. Count two is directed to Daniel D. Rossi. Count three is directed to Denis Rossi. The causes of action all arise from a multi-vehicle collision which occurred on September 28, 1993, on Route 9 in New Britain, Connecticut.
Upon motion, the following cases were ordered consolidated on August 27, 1996: Manuele v. Von Luebe, CV-95-0553430-S; AllstateInsurance Co. v. Manuele, CV-95-0549156-S; Manuele v. Nowakowski, CV-95-0554243-S; and Gaetgens v. Allstate Insurance Co., CV-95-0554509-S.
On August 15, 1996, the defendants Rossis filed an answer to the plaintiff's revised complaint, and three special defenses directed to all counts. The first special defense sounds in comparative negligence. The second special defense is based on apportionment of liability amongst all of the drivers involved in the multi-vehicle collision. The third special defense asserts that res judicata bars the plaintiff's action based on a default CT Page 10139 judgment entered against the plaintiff in Allstate Insurance Co.v. Manuele, CV-95-0549156-S.
On August 15, 1996, the defendants Rossis filed a motion for summary judgment as to counts two and three of the plaintiff's revised complaint on the ground that the plaintiff's claims are barred under the doctrine of res judicata. The motion was accompanied by a memorandum of law and supporting exhibits.[1]
On August 22, 1996, the plaintiff filed an objection to the defendants' motion for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citation omitted; internal quotation marks omitted.) Home Ins.Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 662 A.2d 1001
(1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." (Citations omitted; internal quotation marks omitted.) Id. "Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata."Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374
(1993).
The defendants Rossis, in their motion for summary judgment and accompanying memorandum, argue that the plaintiff's claims are barred under the doctrine of res judicata. The defendants state that a default judgment was already entered against the plaintiff in an earlier action arising out of the same multi-vehicle accident. Moreover, the defendants note that the plaintiff had the opportunity to open this judgment, but neglected to do so. (Memorandum of Law in Support of Motion to Strike, p. 3.) The defendants thus argue that the plaintiff should not be able to re-litigate his liability at this time.
The plaintiff in his objection argues first that a default judgment in an earlier proceeding is not an adequate basis for the defense of res judicata, and therefore the defendants' motion for summary judgment should be denied. The plaintiff further contends that the earlier action in which the default was entered did not include Denis Rossi as a party, thus the mutuality element of the defense of collateral estoppel was not satisfied. In addition, the plaintiff argues that his negligence vis-a-vis CT Page 10140 the defendant Daniel Rossi was not decided in the original action, and therefore, a genuine issue of material fact exists as to the plaintiff's liability vis-a-vis Daniel Rossi.
"Claim preclusion (res judicata) and issue preclusion (collateral estoppel) have been described as related ideas on a continuum. Claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits . . . Issue preclusion, prevents a party from re-litigating an issue that has been determined in a prior suit." (Citation omitted; internal quotation marks omitted.) Crochiere v. Board of Education,227 Conn. 333, 343, 630 A.2d 1027 (1993).
Based on the defendants' contention that the earlier action determined the plaintiff's liability, the defendants' defense of res judicata truly involves collateral estoppel, or issue preclusion.
"For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment . . . An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined." (Citation omitted; emphasis in original; internal quotation marks omitted.)Delahunty v. Massachusetts Mutual Life Ins. Co., 236 Conn. 582,600, 674 A.2d 1290 (1996). "To establish whether-collateral estoppel applies, the court must determine what facts were necessarily determined in the first trial, and must then assess whether the [party] is attempting to relitigate those facts in the second proceeding." (Citations omitted; internal quotation marks omitted.) Aetna Casualty Surety Co. v. Jones, 220 Conn. 285,297, 596 A.2d 414 (1991).
A default judgment in some circumstances may serve as a proper basis on which to grant a motion for summary judgment. "Although not every default judgment should have the same issue preclusive effect as an actual adjudication between the present parties, in the interest of judicial economy and repose for litigants, we envision some circumstances where it would be appropriate to give issue preclusive effect to a default judgment . . . the appropriate inquiry with respect to [issue and claim preclusion] is whether the party had an adequateopportunity to litigate the matter in the earlier proceeding." (Citation omitted; emphasis in original; internal quotation marks CT Page 10141 omitted.) Jackson v. R.G. Whipple, Inc., supra, 225 Conn. 717-18.
"Mutuality of parties is no longer required to invoke collateral estoppel." Aetna Casualty Surety Co. v. Jones, supra, 220 Conn. 300. "To allow a party who has fully and fairly litigated an issue at a prior trial to avoid the force of a ruling against him simply because he later finds himself faced by a different opponent is inappropriate and unnecessary." Id., 302. Nevertheless, despite the lessening of the requirement of mutuality of parties in order to invoke collateral estoppel, the adversaries in the second action must have been party adversaries in the first action, or the new party must to some extent share the same legal rights as a party in the original suit. Jackson v.R. G. Whipple, Inc., supra, 225 Conn. 713 n. 3.
In the present case, although the plaintiff was given an opportunity to litigate the issue of his liability in the original action, Allstate Insurance Co. v. Manuele, a question of fact exists as to the plaintiff's liability vis-a-vis the defendants Rossis. First, the plaintiff was not given an opportunity to litigate his liability vis-a-vis Denis Rossi because Denis Rossi was not a party to the original suit. Second, despite the supporting exhibits accompanying the defendants' motion for summary judgment, a genuine issue of material fact exists as to whether the original action determined the plaintiff's liability vis-a-vis the defendant Daniel Rossi. Accordingly, the defendants' motion for summary judgment as to counts two and three of the plaintiff's revised complaint are denied.
Mary R. Hennessey, J.